UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL EUGENE WILSON, JR.,<br><br>Petitioner,<br><br>v.<br><br>P. THOMPSON, Warden, FCI-Herlong,<br><br>Respondent. | No.  2:21-cv-0793 KJN P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal prisoner, proceeds pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Respondent's motion to dismiss and motion for appointment of counsel are before the court.

As set forth below, the undersigned recommends that respondent's motion to dismiss be granted and denies petitioner's motion for appointment of counsel.

I. Background

On October 6, 2000, in the Central District of California, petitioner was charged in a five-count indictment with:  Count 1 - Conspiracy, 18 U.S.C. § 371; Count 2 - Armed bank robbery, 18 U.S.C. § 2113; Count 3 - Using or Carrying a firearm, 18 U.S.C. § 924(c); Count 4 Armed bank robbery, 18 U.S.C. § 2113; and Count 5 - Using or carrying a firearm, 18 U.S.C. § 924(c). United States v. Wilson, No. CR-00-01025-NM (C.D. Cal.) (ECF No. 49) (hereafter "CD No. CR-00-01025-NM"), appended as respondent's Exhibit 1 (ECF No. 10-1).)

1

On May 29, 2001, petitioner pled guilty to counts four and five. CD No. CR-00-01025-NM (ECF No. 124). Following jury trial, petitioner was convicted on the remaining counts. CD No. CR-00-01025-NM (ECF No. 132).

On September 17, 2001, petitioner was sentenced to federal prison as follows: count one - 60 months, count two and four - 262 months (all three terms to be served concurrently with each other), count three - 84 months (to be served consecutively to counts 1, 2 and 4), and count five - 300 months (to be served consecutively to counts 1, 2, and 4). CD No. CR-00-01025-NM (ECF Nos. 173, 174.) The sentencing judge determined petitioner was a career offender under U.S.S.G. 4B1, based on two prior offenses (February 22, 1995, conviction for conspiracy to deliver a controlled substance (Pierce County Wash. Superior Court Case #94-1-04972-2), and the October 18, 1996, conviction for second degree bank robbery (Orange County Cal. Superior Court #96NF1599A).). CD No. CR-00-01025-NM (ECF No. 174; Presentence Report at 12, 15.) Such finding increased petitioner's offense level from 28 to 34 and his criminal history from Category V to Category VI. See CD No. CR-00-01025-NM (ECF No. 174); see also id. (ECF No. 353). Petitioner was sentenced to a total prison term of 646 months. Id.

Petitioner filed an appeal, and the conviction and sentence was affirmed. United States v. Wilson, 86 F. App'x 232 (9th Cir. 2003), cert. denied, 541 U.S. 940 (2004).

On February 23, 2005, petitioner filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. CD No. CR-00-01025-NM (ECF No. 245). Petitioner raised multiple claims, including ineffective assistance of counsel. Id. On June 23, 2005, the § 2255 motion was denied on the merits. Id. (ECF No. 252.)

On June 25, 2014, petitioner filed a second pro se § 2255 motion. CD No. CR-00-01025-NM (ECF No. 274, 276.) Petitioner claimed his prior state convictions did not qualify for U.S.S.G. 4B1.1 career offender sentencing. CD No. CR-00-01025-NM (ECF 274, 276). The motion was dismissed as successive on October 14, 2014. Id. (ECF Nos. 279, 281.)

On November 20, 2015, petitioner filed a third pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. CD No. CR-00-01025-NM (ECF 291). Petitioner again claimed his prior convictions did not qualify for career offender sentencing under U.S.S.G.

§ 4B1.1. The Ninth Circuit granted authorization to file a second or successive motion, finding that petitioner made a prima facie showing under Johnson v. United States, 135 S. Ct. 2551 (2015). CD No. CR-00-01025-NM (ECF No. 290). On March 1, 2018, the Central District Court recounted petitioner's litigation history, and described petitioner's sentence as follows:

> Application of the career offender enhancement increased Wilson's offense level from 28 to 34 and his criminal history from Category V to Category VI.  However, the enhancement only affected Wilson's sentence on Counts 2 and 4 because statutory provisions capped his sentence on Count 1 to five years and mandated consecutive sentences of 7 and 25 years, respectively, on Counts 3 and 5.  As to Counts 2 and 4, the career offender enhancement increased Wilson's guidelines range from 130-162 months to 262-327 months.  Because the statutory maximum on each of Counts 2 and 4 was 25 years, the increased guideline range remained within the aggregated 600 month statutory maximum applicable to those counts.

CD No. CR-00-01025-NM (ECF No. 353 at 3.) The Central District granted the government's motion to dismiss, and found that petitioner's conviction for robbery under California Penal Code § 211 is categorically a "crime of violence," and was properly used to determine that petitioner was a career offender. CD No. CR-00-01025-NM (ECF No. 353 at 8-10.)

On August 10, 2021, petitioner filed an amended § 2241 petition. (ECF No. 7.)

II. The Instant Petition

Petitioner claims that his prior conviction in the state of Washington is not a drug trafficking offense and therefore his career offender sentencing violates due process. (ECF No. 7 at 3.) Petitioner contends that under Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020), he is entitled to resentencing without application of the career offender guidelines. Petitioner provided copies of two orders issued by courts in the state of Washington:[1]

////

////

---

[1] The undersigned acknowledges respondent's argument that petitioner's exhibits are not certified. Documents submitted as exhibits are considered to the extent that they are relevant, and despite the fact that they are not authenticated because such documents could be admissible if authenticated.

3

1        1. May 20, 2021 order issued by the Pierce County Superior Court of Washington in Washington v. Cornell Wilson, Case No. 93-1-04158-8, vacating petitioner's conviction and sentence. (ECF No. 7 at 7-11.)

2        2. May 20, 2021 order issued by the Pierce County Superior Court of Washington in Washington v. Eugene Wilson, Case No. 94-1-04972-2, vacating the conviction and sentence previously imposed for UPCS[2] in Count II. (ECF No. 7 at 13-17.)

Such orders were both based on State of Washington v. Blake, 197 Wash.2d 170, 481 P.3d 521 (Wash. 2021) (holding RCW 69.50.4013(1), the statute criminalizing simple drug possession, was unconstitutional.)

Further, petitioner contends that because he previously sought § 2255 relief in the Central District, he must use the § 2255(e) escape hatch clause, arguing he is actually innocent of the career offender designation.

III.  Jurisdiction

Generally, 28 U.S.C. § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention. Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008).

> By the terms of section 2255, a prisoner authorized to apply for section 2255 relief may not bring a section 2241 petition for a writ of habeas corpus "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief."

Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (quoting 28 U.S.C. § 2255).

"Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (quoting 28 U.S.C. § 2255). "[A] § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim."

---

[2] UPCS is an acronym for "unlawful possession of a controlled substance." See State v. Harris, 17 Wash. App. 2d 1041 (2021).

4

Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (citations omitted). This is a narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The burden is on the prisoner to show that his § 2255 remedies are inadequate or ineffective. See, e.g., Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested using the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. Therefore, actual innocence means factual innocence, not legal insufficiency. See Bousley, 523 U.S. at 623. The petitioner must introduce "evidence tending to show that he did not commit the [acts] underlying his convictions." Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). To demonstrate that he has not had an unobstructed shot to raise his claim previously, a petitioner must show that the claim did not become available until after he exhausted his direct appeal and first § 2255 motion. Harrison, 519 F.3d at 960.

Discussion

Petitioner argues he is eligible for consideration under the escape hatch provision in 28 U.S.C. § 2255(e). As set forth above, petitioner must demonstrate he meets both prongs of the escape hatch: that he makes a claim of actual innocence as to his underlying conviction; and has never had an 'unobstructed procedural shot' at presenting the claim. Harrison, 519 F.3d at 959.

Here, petitioner does not challenge the validity of his underlying convictions. Rather, petitioner contends he is actually innocent of the career offender status because his prior conviction used as a predicate in his federal sentencing was found to be overly broad and not a drug trafficking offense, relying on Allen v. Ives, 950 F.3d at 1184. In Allen, the court stated that "a retroactive intervening change in the law may render a petitioner factually innocent of a predicate crime," and held that the petitioner could establish actual innocence of the mandatory sentencing enhancement. Id. at 1190. Like Allen, petitioner was sentenced before the Supreme Court held that the sentencing guidelines were advisory, not mandatory. United States v. Booker, 543 U.S. 220 (2005).

However, the Ninth Circuit subsequently limited the application of Allen to prisoners who received a mandatory sentence under a mandatory sentencing scheme. Shepherd v. Warden, FCI-

5

Tucson, 5 F.4th 1075, 1077 (9th Cir. 2021).  Prior to sentencing petitioner, the Central District sentencing court was informed it had sentencing discretion, and exercised its discretion by considering § 3553(a) factors, and sentencing petitioner to the low end of the guidelines range set forth in the presentence report.  Unlike the prisoner in Gonzales v. Ciolli, 2021 WL 1016387 (E.D. Cal. 2021),[3] petitioner's predicate state court convictions which triggered his career offender status did not require the court to impose a sentence mandated by statute.  Rather, petitioner was sentenced within a sentencing range, not pursuant to a mandatory sentencing statute.

In any event, the exhibits provided by petitioner fail to demonstrate his actual innocence of the career offender status because, as noted by respondent, the orders vacating petitioner's state court convictions played no role in the career offender designation.  As set forth above, the sentencing judge found petitioner was a career offender based on two prior convictions:  February 22, 1995, conviction for conspiracy to deliver a controlled substance (Pierce County Wash. Superior Court Case #94-1-04972-2), and October 18, 1996, conviction for second degree bank robbery (Orange County Cal. Superior Court #96NF1599A).  Thus, petitioner's first exhibit, an order vacating his conviction and sentence in Pierce County Washington Superior Court Case #93-1-04158-8, is not relevant.  Petitioner's second exhibit was an order issued in Pierce County Washington Superior Court Case #94-1-04972-2, but such order only vacated the conviction and sentence for count II (ECF No. 7 at 14).  Thus, such order fails to demonstrate petitioner's conviction for conspiracy to deliver a controlled substance in #94-1-04972-2 was vacated.

Therefore, the undersigned finds that petitioner fails to meet his burden to demonstrate he is actually innocent of his career offender status.  Because petitioner failed to demonstrate actual innocence, the court is not required to address the 'unobstructed procedural shot" prong of the escape hatch provision of § 2255.  Nichols v. Ciolli, 2021 WL 3563092, *3 (E.D. Cal. Aug 12, 2021).

---

[3] Gonzalez "'was sentenced to a statutory mandatory term of life imprisonment pursuant to 21 U.S.C. § 841(b).'" Gonzalez, 2021 WL 1016387 at *3 (quoting United States v. Gonzalez, 257 F. App'x 932, 933 (6th Cir. 2007).

Accordingly, petitioner fails to satisfy the escape hatch criteria of § 2255, and this court lacks jurisdiction over the § 2241 petition. Because petitioner has not been granted leave by the Court of Appeals to file a second or successive § 2255 motion, it would be futile to transfer the petition to the Central District of California for consideration as a § 2255 motion.

IV. Appointment of Counsel

Petitioner requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In light of the above findings, the court does not find that the interests of justice would be served by the appointment of counsel.

V. Conclusion

For all of the above reasons, respondent's motion to dismiss should be granted, and the motion for appointment of counsel is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case; and

2. Petitioner's motion for appointment of counsel (ECF No. 20) is denied.

Further, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted; and

2. The § 2241 petition be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.[4] Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

---

[4] A certificate of appealability is not required for an appeal from the denial of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. See 28 U.S.C. § 2253; Harrison, 519 F.3d at 958-59.

7

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 17, 2022

/wils0793.mtd.2241

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

8