UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL E. WILSON, JR., | No.  2:21-cv-0793-KJM-KJN |
| Petitioner, | |
| v. | ORDER |
| P. THOMPSON, Warden, FCI-Herlong, | |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, filed this application for a writ of habeas corpus under 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 17, 2022, the magistrate judge filed findings and recommendations, which were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  F. & R., ECF No. 22.  Petitioner filed objections to the findings and recommendations.  Obj., ECF No. 26.  Subsequently, petitioner filed a motion for leave to amend to include a new claim, Mot., ECF No. 28, which is not addressed by the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

1

As the magistrate judge sets out in the findings and recommendations, the petitioner was charged and later sentenced to a 646-month term in the Central District of California. F. & R. at 1–2; *see* Mins. Sent'g, *United States v. Wilson*, No. 00-1025, (C.D. Cal. Sept. 17, 2001), ECF No. 173. The sentencing judge determined petitioner was a career offender under the Sentencing Guidelines based on his two prior offenses. F. & R. at 2; *see* Presentence Report (PSR), ECF No. 16 (sealed). The petitioner then moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 three separate times, all of which were denied by the sentencing court. *Id*. at 2–3. The petitioner has now filed a 28 U.S.C. § 2241 petition with this court, the court with jurisdiction over his current custodian, invoking the § 2255(e) "escape hatch" clause, *id*. at 4, which is available "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim[,]" *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). The magistrate judge found the petitioner has not sufficiently demonstrated actual innocence and recommends dismissing this petition. F. & R. at 6–7.

The court addresses and rejects the petitioner's objections to the magistrate judge's findings and recommendations. The petitioner alleges he is actually innocent of the career offender enhancement and asserts the magistrate judge "over-looks the crucial fact that a Washington State conviction for conspiracy to distribute a controlled substance does not qualify as a controlled substance offense for the purposes of the Federal Sentencing Guidelines." Obj. at 1 (citing *United States v. Brown*, 879 F.3d 1043 (9th Cir. 2018)). In *Brown*, the Ninth Circuit held the defendant's previous conviction for conspiracy to deliver methamphetamine under the Revised Code of Washington section 69.50.407 did not qualify as a "controlled substance offense" under the Sentencing Guidelines "because the Washington drug conspiracy statute is not a categorical match to conspiracy under federal law." 879 F.3d at 1046. The court interpreted the statute to cover conduct not covered under federal law, i.e., an agreement with a government agent or informant. *Id.* at 1048–49. Here, petitioner previously was convicted of conspiracy to deliver cocaine under the same statute. *See* J. & Sent'g (Mar. 21, 1995), *Washington v. Wilson*

/////

/////

(No. 94-1-04972-2), microfilm 1283-794.[1]  While the court agrees the petitioner's prior drug trafficking conviction does not support his career offender enhancement, the court's analysis does not end there.

To demonstrate actual innocence with respect to the career offender enhancement, the petitioner first must show he received a mandatory sentence under a mandatory sentencing scheme.  *See Allen v. Ives*, 950 F.3d 1184, 1190 (9th Cir. 2020), *reh'g en banc denied*, *Allen v. Ives*, *976 F.3d 863* (9th Cir. 2020); *see Shepherd v. Unknown Party, Warden, FCI Tucson*, 5 F.4th 1075, 1077–78 (9th Cir. 2021) (limiting holding in *Allen* to petitioners who "received a mandatory sentence under a mandatory sentencing scheme").

Here, petitioner has not shown he received a mandatory sentence under a mandatory sentencing scheme.  As the magistrate judge notes, the sentencing court in the Central District of California sentenced the petitioner "to the low end of the guidelines range set forth in the presentence report."  F. & R at 6; *see* PSR; Mins. Order at 3, *United States v. Wilson*, No. 00-1025 (C.D. Cal. Mar. 1, 2018), ECF No. 353.  In denying petitioner's third section 2255 motion, the sentencing court noted the career offender enhancement only affected petitioner's sentence on counts two and four, and the "increased guideline range remained within the aggregated . . . statutory maximum applicable to those counts."  Mins. Order at 3, *United States v. Wilson*, No. 00-1025.  Counts two and four each carried a 25 year (300 month) maximum, *id.*; PSR at 23, and the sentencing court exercised its discretion to sentence the petitioner to 262 months as to counts two and four with the terms to be served concurrently, Mins. Sent'g, *United States v. Wilson*, No. 00-1025.  Thus, as to the counts affected by the enhancement based on career offender status, the petitioner did not receive a mandatory sentence under a mandatory sentencing scheme.  The petitioner has not met a threshold requirement for showing actual innocence.

In light of the petitioner's motion to amend, further briefing is ordered to determine whether petitioner should be allowed to file a second amended petition.

---

[1] The transcript is not on the court's docket but the court was able to obtain a copy from the Pierce County Superior Court's docket.  That copy, of which the court takes judicial notice, will be filed on the docket of this case for reference.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed March 17, 2022, are adopted;

2. Respondent's motion to dismiss the first amended petition (ECF No. 10) is granted;

3. The Clerk of Court is directed to file on the docket a copy of the 1995 sentencing transcript in the case of *Washington v. Wilson* (No. 94-1-04972-2);

4. Within twenty-one days from the date of this order, respondent shall respond to petitioner's motion to amend (ECF No. 28); fourteen days thereafter, petitioner may file a reply; and

5. This matter is referred back to the assigned magistrate judge for all further predispositive proceedings consistent with this order.

DATED: November 17, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE