UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL EUGENE WILSON, JR., <br><br>Petitioner, <br><br>v. <br><br>WARDEN, FCI-HERLONG, <br><br>Respondent. | No. 2:21-cv-0793 KJM KJN P <br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

    Petitioner is a federal prisoner, proceeding pro se, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's motion to amend, respondent's motion to dismiss and petitioner's request to construe his proposed second amended petition as an application to file a successive 28 U.S.C. § 2255 motion and transfer the action to the United States Court of Appeal for the Ninth Circuit, are before the court.

    As set forth below, the undersigned recommends that respondent's motion to dismiss be granted on the grounds that this court lacks jurisdiction, and petitioner's motion to amend and request for transfer should be denied.

II. Background

    On October 6, 2000, in the Central District of California, petitioner was charged in a five-count indictment with: Count 1 - Conspiracy, 18 U.S.C. § 371; Count 2 - Armed bank robbery,

18 U.S.C. § 2113; Count 3 - Using or Carrying a firearm, 18 U.S.C. § 924(c); Count 4 - Armed bank robbery, 18 U.S.C. § 2113; and Count 5 - Using or carrying a firearm, 18 U.S.C. § 924(c). United States v. Wilson, No. CR-00-01025-NM (C.D. Cal.) (hereafter "CD No. CR-00-01025-NM").[1] See also respondent's Ex. 1 (ECF No. 10-1 (CD docket sheet).).

On May 29, 2001, petitioner pled guilty to counts four and five. CD No. CR-00-01025-NM (ECF No. 124, 174). Following jury trial, petitioner was convicted on the remaining counts. CD No. CR-00-01025-NM (ECF No. 132).

On September 17, 2001, petitioner was sentenced to federal prison as follows: count one - 60 months, count two and four - 262 months (all three terms to be served concurrently with each other), count three - 84 months (to be served consecutively to counts 1, 2 and 4), and count five - 300 months (to be served consecutively to counts 1, 2, and 4). CD No. CR-00-01025-NM (ECF Nos. 173, 174.) The sentencing judge determined petitioner was a career offender under U.S.S.G. Section 4B1, based on two prior offenses (February 22, 1995 conviction for conspiracy to deliver a controlled substance (Pierce County Wash. Superior Court Case #94-1-04972-2), and the October 18, 1996 conviction for second degree bank robbery (Orange County Cal. Superior Court #96NF1599A).). CD No. CR-00-01025-NM (ECF No. 174; Presentence Report at 12, 15.) Such finding increased petitioner's offense level from 28 to 34 and his criminal history from Category V to Category VI. See CD No. CR-00-01025-NM (ECF No. 174); see also id. (ECF No. 353). Petitioner was sentenced to a total prison term of 646 months. Id.

Petitioner filed an appeal, and the conviction and sentence were affirmed. United States v. Wilson, 86 F. App'x 232 (9th Cir. 2003), cert. denied, 541 U.S. 940 (2004).

On November 20, 2015, petitioner filed a third pro se § 2255 motion in the Central District of California.[2] CD No. CR-00-01025-NM (ECF 291). The Ninth Circuit granted

---

[1] The Court takes judicial notice of the public court records in petitioner's underlying criminal case. See Fed. R. Evid. 201(b)(2); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

[2] On February 23, 2005, petitioner filed his first pro se § 2255 motion, raising multiple claims, including ineffective assistance of counsel, which was denied on the merits on June 23, 2005. CD No. CR-00-01025-NM (ECF No. 245, 252). In his second pro se § 2255 motion, filed June 25, 2014, petitioner claimed his prior state convictions did not qualify for U.S.S.G. 4B1.1 career offender sentencing. CD No. CR-00-01025-NM (ECF 274, 276). The motion was dismissed as

authorization to file a second or successive motion, finding that petitioner made a prima facie showing under Johnson v. United States, 135 S. Ct. 2551 (2015).  CD No. CR-00-01025-NM (ECF No. 290).  Petitioner sought an order vacating his § 924(c) convictions, claiming, inter alia, that his armed bank robbery conviction could not qualify as a crime of violence and his conviction for robbery under California Penal Code § 211 was impermissibly used to enhance his sentencing range under the career offender provision of U.S.S.G. Section 4B1.1 "because it falls under the residual clause of U.S.S.G. Section 4B1.2(a)(2)."  CD No. CR-00-01025-NM (ECF 353 at 8-9).  On March 1, 2018, the Central District Court found that petitioner's predicate offense of armed bank robbery, 18 U.S.C. § 2113(a), qualifies as a "crime of violence" under Section 924(c)(3)(A) under Section 924(c)(3)(A)'s "elements or force clause," and that his conviction for robbery under California Penal Code § 211 is categorically a "crime of violence," and was properly used to determine that petitioner was a career offender, and granted the government's motion to dismiss.  CD No. CR-00-01025-NM (ECF No. 353 at 8-10).

III.  The Instant Action

On July 15, 2021, petitioner was granted leave to file an amended petition raising all his claims and supporting facts in one pleading.  (ECF No. 6.)  On August 10, 2021, petitioner filed an amended § 2241 petition.[3]  (ECF No. 7.)  Respondent filed a motion to dismiss; the undersigned recommended that the motion to dismiss be granted based on petitioner's failure to satisfy the escape hatch criteria of § 2255, and found this court lacked jurisdiction over the amended petition.  (ECF No. 22.)

On July 27, 2022, petitioner filed a motion to amend and second amended petition.  (ECF No. 28.)  Petitioner claimed he is actually innocent of 18 U.S.C. § 924(c) conviction based on the attempted robbery of the Los Padres Bank, citing United States v. Taylor, 142 S. Ct. 2015 (2022).

---

successive on October 14, 2014.  Id. (ECF Nos. 279, 281.)

[3] As noted by respondent, in the Eastern District of California, petitioner filed two prior petitions under § 2241.  In case 2:20-cv-1294 JAM KJN, the petition was dismissed for lack of jurisdiction on October 14, 2021.  Petitioner filed a second petition on April 16, 2021, in case 2:21-cv-0684 EFB, but voluntarily withdrew the petition on April 29, 2021.

3

On November 18, 2022, the district court adopted the March 17, 2022 findings and recommendations, and dismissed the first amended petition, and ordered briefing on petitioner's motion to amend. (ECF No. 29.)

Respondent filed a motion to dismiss petitioner's second amended petition, and a response. (ECF No. 34.) On March 3, 2023, petitioner filed a reply, asking that the proposed amended petition be construed as an application to file a successive Section 2255 motion, and transferred to the Court of Appeals for the Ninth Circuit in the interests of justice. (ECF No. 36.)

IV.  Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4 of the Rules Governing Section 2254 Cases.[4] The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default). Therefore, a respondent may file a motion to dismiss after the court orders a response, and such motion is reviewed under Rule 4. See Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) ("a motion to dismiss attacking only the pleadings should be considered under Rule 4 standards since the effect of the granting of the motion is identical to such a disposition.").

V.  Standard of Review

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). A federal prisoner who challenges the validity or constitutionality of his underlying conviction must file a motion to vacate the sentence

---

[4] Rules Governing Section 2254 Cases may be applied to other petitions for writ of habeas corpus at the Court's discretion. See, id., Rule 1; Fed. R. Civ. P 81(a)(4).

1  pursuant to 28 U.S.C. § 2255 in the sentencing court.  Stephens v. Herrera, 464 F.3d 895, 897

2  (9th Cir. 2006).  On the other hand, a federal prisoner challenging the manner, location, or

3  conditions of the execution of a sentence, as petitioner does here, must bring a petition for writ of

4  habeas corpus under 28 U.S.C. § 2241.  Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.

5  2000); see also Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008).

6  However, under the "savings clause" or "escape hatch" of § 2255, a federal prisoner may

7  file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his

8  remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"

9  Hernandez, 204 F.3d at 865 (quoting § 2255).  If a "petition falls under the savings clause so as to

10  be a petition pursuant to § 2241, then only the [custodial d]istrict has jurisdiction" to hear the

11  petition, but "[i]f the savings clause does not come into play, . . . [then the] petition must be

12  construed as a petition under § 2255, such that jurisdiction lies only in the [sentencing d]istrict."

13  Hernandez, 204 F.3d at 865.

14  The savings clause applies "when the prisoner '(1) makes a claim of actual innocence, and

15  (2) has not had an unobstructed procedural shot at presenting that claim.'"  Marrero v. Ives, 682

16  F.3d 1190, 1192 (9th Cir. 2012) (citing Stephens, 464 F.3d at 898).  "The petitioner bears the

17  burden of proving the inadequacy or ineffectiveness of the Section 2255 remedy."  Bocanegra v.

18  United States, 2020 WL 509396, at *2 (C.D. Cal. Jan 31, 2020) (citing Redfield v. United States,

19  315 F.2d 76, 83 (9th Cir. 1963)).

20  VII.   Discussion

21  In the second amended petition, petitioner again challenges the validity of his conviction,

22  which must be pursued through a § 2255 motion filed in the sentencing court unless petitioner can

23  demonstrate the savings clause applies.  In his reply to the motion to dismiss, petitioner asks the

24  court to construe his amended petition as an application to file a successive Section 2255 motion

25  based on Taylor, 142 S. Ct. 2015, thus apparently conceding that his pleading does not fall under

26  the savings clause of § 2255.  The undersigned agrees.

27  Petitioner now relies on Taylor to claim actual innocence to his firearm use and

28  brandishing during the Count 4 armed bank robbery charge, and to claim that he has not had an

5

unobstructed procedural shot to present the claim attacking his Count 5 § 924(c) conviction and sentence.

To determine whether a petitioner has not had an "unobstructed procedural shot" at raising his habeas claims, courts consider "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003)). "If an intervening court decision after a prisoner's direct appeal and first § 2255 motion 'effect[s] a material change in the applicable law[,]' then the prisoner did not have an unobstructed procedural shot to present his claim." Allen v. Ives, 950 F.3d 1184, 1190 (9th Cir. 2020) (quoting Alaimalo v. United States, 645 F.3d 1042, 1047-48 (9th Cir. 2011)). To demonstrate that a petitioner lacked an unobstructed procedural shot, "it is not enough that the petitioner is presently barred from raising his claim . . . by motion under § 2255. He must never have had the opportunity to raise it by motion." Ivy, 328 F.3d at 1060.

Initially, the undersigned is persuaded that petitioner is unable to raise his putative claim through a successive § 2255 petition in the sentencing court. A prisoner may not bring a second or successive § 2255 motion in district court unless the court of appeals certifies that it is based on either (1) newly discovered evidence sufficient to cast doubt as to the petitioner's guilt, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. See 28 U.S.C. § 2255(h). Petitioner's putative claim is based on the Supreme Court's decision in Taylor, which did not create a new rule of constitutional law to be applied retroactively. See, e.g., Whitaker v. Hudson, 2022 WL 17822515, *1 (D. Kan. Dec. 6, 2022) ("the Supreme Court's decision in Taylor involving the interpretation of a federal statute does not provide a basis for filing a successive Section 2255 petition") (citing 28 U.S.C. § 2255(h)); Robinson v. Warden, FCI Mendota, 2023 WL 373378, at *2 (E.D. Cal. Jan. 24, 2023) (same), report and recommendation adopted, 2023 WL 2466045 (E.D. Cal. Mar. 10, 2023).

////

6

1         In Taylor, 142 S. Ct. at 2025-26, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a crime of violence under Section 924(c)(3)(A). Taylor pled guilty to violating the Hobbs Act and a Section 924(c) violation. Subsequently, Taylor filed a federal habeas petition arguing that his Section 924(c) conviction was predicated on his admission that he had committed both conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery, and neither qualified as a crime of violence. Taylor, 142 S. Ct. at 2019. After the Fourth Circuit found in Taylor's favor, the Supreme Court granted certiorari to resolve whether an attempted Hobbs Act robbery qualifies as a crime of violence under the elements clause. Focusing on the elements the government was required to prove to obtain a conviction for attempted Hobbs Act robbery, the Supreme Court concluded that attempted Hobbs Act robbery did not satisfy the elements clause under Section 924(c)(3)(A), and therefore, Taylor could not be convicted under Section 924(c). Taylor, 142 S. Ct. at 2020, 2025-26. Specifically, the Court stated that "[w]hatever one might say about completed Hobbs Act robbery, attempted Hobbs Act robbery" only requires the government to show "an intention to take property by force or threat, along with a substantial step toward achieving that object." Taylor, 142 S. Ct. at 2020 (emphasis in original). Further, the Court found that such "substantial step" does not "require[] proof that the defendant used, attempted to use, or threatened to use force." Id. at 2020-21. As a result, attempted Hobbs Act robbery cannot serve as the predicate crime to liability under 18 U.S.C. § 924(c) because attempted Hobbs Act robbery is not a crime of violence. Taylor, 142 S. Ct. at 2021.

          Here, petitioner argues he did not have an opportunity to present this claim because Taylor was decided after the instant action was filed. Petitioner is correct that Taylor was decided on June 21, 2022, after this action was filed on May 3, 2021. But petitioner's reliance on Taylor is unavailing because he fails to demonstrate that the Supreme Court's decision in Taylor provides a legal basis for petitioner's putative claim. Rather, Taylor answered a narrow question not at issue in petitioner's case: "Does attempted Hobbs Act robbery qualify as a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)?" Taylor, 142 S. Ct. at 2018. The Supreme Court did not address whether any other offense, including attempted bank robbery, armed bank robbery, or using, carrying, or brandishing a firearm, constitutes a crime of violence. Indeed, the Supreme Court's

7

decision turned on the specific statutory language of the Hobbs Act, which defines a "robbery" in relevant part as "the 'unlawful taking or obtaining of personal property from the person . . . of another, against his will, by means of actual or threatened force.'" Taylor, 142 S. Ct. at 2020 (quoting 18 U.S.C. § 1951(b)(1).) As argued by respondent, Taylor applies to a different predicate crime, attempted Hobbs Act robbery, which involves distinct attempt elements and disparate mens rea from those involved in petitioner's crimes.

Thus, petitioner cannot demonstrate that he lacked an "unobstructed procedural shot" to present his putative claim because the decision in Taylor did not change the law in a manner material to petitioner's conviction. Accordingly, petitioner's motion to amend should be denied.

Request for Transfer to Ninth Circuit

The court turns now to petitioner's request to have the matter transferred to the Ninth Circuit for consideration as a request to pursue a second or successive § 2255 motion.

Transfer is appropriate under 28 U.S.C. § 1631 if: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. See Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) ("The federal transfer statute is applicable in habeas proceedings.").

Because the second amended petition does not meet the requirements necessary to qualify as a second or successive § 2255 petition, the undersigned finds that dismissal without prejudice, rather than transfer is appropriate here because transfer would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 34) be granted;

2. Petitioner's motion to amend (ECF No. 28) be denied;

3. Petitioner's request to construe his proposed second amended petition as an application to file a successive Section 2255 motion and transfer the case to the United States Court of Appeals for the Ninth Circuit (ECF No. 36) be denied; and

4. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be dismissed, without prejudice, for lack of jurisdiction.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 30, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wils0793.mtd2.2241